IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAMOS-RIOS, et. al.,

Plaintiffs,

v.                                                        CIVIL NO. 12-1985 (GAG)

UNITED STATES OF AMERICA, et. al.,

Defendants.

**OPINION AND ORDER**

Presently before the court is Defendants' motion in limine seeking to exclude the testimony of three fact witnesses announced by Plaintiffs, who at one point or another were involved in the care, diagnosis and/or treatment of the main plaintiff Roberto Ramos Ríos ("Ramos Ríos"), pursuant to Fed. R. Civ. P. 403. (Docket No. 42.) Defendants also seek to exclude direct evidence which they label as inadmissible, irrelevant, or prejudicial pursuant to Fed. R. Evid. 801 and 702. Id. Plaintiffs did not oppose Defendants' in limine request. Pursuant to Local Rule of Civil Procedure 7(b), "[u]nless within (14) days after the service of a motion the opposing party files a written objection to the motion, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection." D.P.R. CIV. R. 7(b). Rather than opposing Defendants' motion in limine to exclude certain testimony and evidence, Plaintiffs opted not to file a response; thus waiving any objections under Local Rule 7.

Defendants' motion in limine seeks to exclude or limit the scope of the testimony of three of Plaintiffs' fact witnesses as announced in the Proposed Joint Pretrial Order (Docket No. 35); physicians Dr. Santos Picó ("Dr. Picó"), Dr. José Manatou ("Dr. Manatou") and Department of Veteran Affairs ("DVA") nurse Nancy Rodríguez. (Docket No. 42 at 2.) Defendants also seek to

**Civil No. 12-1985 (GAG)**

exclude from trial direct evidence announced by Plaintiffs in the Proposed Joint Pretrial Order (Docket No. 35 at 25), to wit, the diary or log of events of plaintiff Myrna Ramos Mercado ("Ramos-Mercado") and evidence of direct economic costs of damages. (Docket No. 42 at 1-2.)

**I.  Discussion**

   A.  Fact Witnesses Dr. Picó and Dr. Manatou

Plaintiffs included Dr. Picó and Dr. Manatou as fact witnesses who shall testify "as to their personal knowledge of overall events and medical conditions, and medical opinion." (Docket No. 35 at 23.) As to said physicians, Defendants contend that "personal knowledge of overall events" does not pertain to precise issues related to the present case, suffers from vagueness, and should not be admitted into evidence. (Docket No. 42 at 4.) Defendants moreover posit that the testimonies of Dr. Picó and Dr. Manatou will be unnecessary and delay the process of trial because Plaintiffs already have an expert witness, Dr. Alvarez-Berdecía, who will render his medical opinion; therefore, listing Dr. Picó and Dr. Manatou as fact witnesses constitutes cumulative evidence. Id. As to Dr. Manatou, Defendants specifically question his unbiased opinion and validity of testimony because he is a family friend of plaintiff Miriam Ramos-Mercado. Id.

The court first addresses Dr. Picó and Dr. Manatou's involvement in this case. Based on the facts as alleged by Plaintiffs, both Dr. Picó and Dr. Manatou played a role in the treatment of the main plaintiff during the relevant timeframe for the present action. Dr. Manatou, a family friend of the family, was called for a house visit in 2011 after Ramos Ríos was sent home by Dr. Warrington. (Docket No. 35 at 4.) After evaluating Ramos Ríos in his home, Dr. Manatou immediately ordered an ambulance for Ramos Ríos to receive an adequate medical evaluation at a different medical facility than the one that had previously treated Ramos Ríos. Id. Upon Ramos Ríos' arrival to HIMA at Caguas, Dr. Picó treated him. Id. Ramos Ríos was then under the care of

**Civil No. 12-1985 (GAG)**

Dr. Picó, who diagnosed him with a subdural hematoma and ordered an operation to remove the hematoma. (Docket No. 35 at 4.)

In their Proposed Joint Pretrial Order Plaintiffs noted that said physicians' testimonies would be limited to their personal knowledge, medical conditions and opinions. (Docket No. 35 at 23.) For that reason, both Dr. Picó and Dr. Manatou were rendered fact witnesses as opposed to expert witnesses.

The First Circuit Court of Appeals has held that treating physicians that are presented by a party "to provide testimony arising from their roles as actors in the events giving rise to the litigation . . . are treated as fact witnesses"—not experts—and thus are not subject to the stringent requirements that Fed. R. Civ. P. 26 created for expert witnesses. See Gómez v. Rivera Rodríguez, 344 F.3d 103, 113 (1st Cir. 2003); see also González v. Executive Airlines, Inc., 236 F.R.D. 73, 78 (D.P.R. 2006). "Accordingly, a party need not identify a witness as an expert [under Rule 26] so long as the witness played a personal role in the unfolding of the events at issue and the anticipated questioning seeks only to elicit the witness's knowledge of those events." Gómez, 344 F.3d at 113-14. This is because "the triggering mechanism for [the] application of Rule 26's expert witness requirements is not the status of the witness, but, rather, the essence of the proffered testimony." Gómez, 344 F.3d at 113.

Dr. Picó and Dr. Manatou testimonies will explain their personal role in the events at issue, and not their expert medical opinions regarding the cause of Ramos Ríos' damages or Defendants' liability, for example. To that extent, their testimonies are entirely relevant and not cumulative, as Defendants argue. The court notes that Dr. Manatou's relationship as a family friend is irrelevant at this stage, and that fact alone does not raise any red flags. In any event, the validity of his testimony turns on a credibility issue for the jury, not the court, to decide. The bottom line is that

3

both Dr. Picó and Dr. Manatou are listed as fact witnesses, thus their first-hand testimony shall be based on the personal role they played in the unfolding of events at issue, i.e., during the course of their involvement with and treatment of Ramos Ríos.  "[T]aking the plaintiff's designations in context and crediting his assertion that Drs. [Picó and Manatou] [are] within the penumbra of 'medical treatment providers,' it is nose-on-the-face plain that these two physicians were intended to be fact witnesses who would testify only as to the nature of the plaintiff's condition and the extent of his damages." Samaan v. St. Joseph Hosp., 670 F.3d 21, 36 (1st Cir. 2012).

Consequently, the court **DENIES** Defendants' motion in limine with respect to the testimonies of Dr. Picó and Dr. Manatou.  However, the court cautions that their testimonies must be closely constrained to facts based on their personal knowledge of the events at issue, i.e., their direct involvement in the care, diagnosis, examination and/or treatment of Ramos Ríos.  See González, 236 F.R.D. at 78.  In other words, Dr. Picó and Dr. Manatou's testimonies shall not extends beyond the facts made known to them during the course of the care and treatment of Ramos Ríos or their personal knowledge of such related events.  Further, they cannot provide an opinion testimony.

B.  Fact Witness Nancy Rodríguez

Defendants contend that Nancy Rodríguez ("Rodríguez") is not a physician, but a Certified Adult Nurse Practitioner (CANP) in the DVA. (Docket No. 42 at 5.)  Moreover, they question the relevancy of her testifying on the motor functions of the Ramos Ríos prior to the alleged incident. Id.  Defendants also question her testimony's relevancy because Ramos Ríos has been treated at the DVA for many years prior to the alleged accident and had been diagnosed with multiple medical infirmities.  Id.  Lastly, Defendants posit that pursuant to DVA Regulations a party seeking testimony of a DVA employee must obtain prior authorization to allow the employee to

4

**Civil No. 12-1985 (GAG)**

testify and a subpoena must be served on the DVA employee. Id. Though Defendants contend that Rodríguez's testimony should not be allowed due to the absence of administrative authorization, they aver her testimony, if rendered, could also be considered cumulative. (Docket No. 42 at 6.)

Plaintiffs included Rodríguez as a fact witness who shall testify "as to communication and motor functions capabilities [of plaintiff Roberto Ramos Ríos] before accident at hospital 2010." (Docket No. 35 at 23.) As part of the DVA's medical staff that intervened with Ramos Ríos, Rodríguez has personal knowledge of his conditions and capabilities before the incident at issue in the hospital. Because this case sounds in tort, with her testimony, it seems that Plaintiffs intend to paint a before-and-after picture of Ramos Ríos's condition that touches upon his damages claims, deeming it entirely relevant and non-cumulative. Accordingly, the court **DENIES** Defendants' motion in limine with respect to the testimony of Rodríguez. The court however notes that it is Plaintiffs' responsibility to meet all necessary DVA Regulations requirements for Rodríguez to testify; otherwise, Rodríguez shall not be authorized to provide her testimony in court.[1]

C. <u>Diary of Myrna Ramos Mercado</u>

Plaintiffs intend to use as an exhibit the "Diary/Log of events of Daughter, Myrna Ramos Mercado." (Docket No. 35 at 25.) Defendants, in turn, seek to exclude said evidence. They argue that the diary is not a record kept in the ordinary course of business and that an unsigned, unsworn diary constitutes hearsay because it does not have any guarantees of trustworthiness as required by Fed. R. Evid. 807 because there is no way of knowing when Ramos-Mercado wrote those diary

---

[1] Section 14.803(a) of the DVA Regulations on "Testimony of Department Personnel and Production of Department Records in Legal Proceedings" states that: "VA personnel may provide testimony or produce VA records in legal proceedings covered by §§ 14.800 through 14.810 only as authorized in accordance with these regulations." 38 C.F.R. § 14.803

**Civil No. 12-1985 (GAG)**

entries and they may be easily altered or edited to favor Plaintiffs' arguments.  (Docket No. 42 at 6-7.)

As mentioned above, Plaintiffs failed to oppose Defendants' motion in limine, thus waiving their objections under Local Rule 7 and, in turn, failing to espouse a reason why this diary should not be excluded as evidence.  Moreover, Plaintiffs did not elucidate in the Proposed Joint Pretrial Order the reason why they seek to offer the diary as evidence.  The outcome of Plaintiffs' omissions is that the court cannot ascertain the purpose and extent to which Plaintiffs seek to admit the proffered diary as evidence during trial—the court is not a mind reader.

If the diary is submitted to prove that the recorded events actually occurred, the diary entries are hearsay.  Collins v. Kibort, 143 F.3d 331, 338 (7th Cir.1998); see Emerson v. Zanke, 522 F. Supp. 2d 281, 282 (D. Me. 2007).  Diary entries may be admissible under Rule 803(5) or certain other exceptions.  See Collins, 143 F.3d at 338; Emerson, 522 F. Supp. 2d at 282.  Admissibility depends on the trial context and here, the court does know whether Plaintiffs, like Defendants suggest, intend to use the diary itself to prove the truth of the matter asserted in the entries included therein.  This would necessarily constitute inadmissible hearsay, tarnishing the diary with dubious admissibility.  Mindful of the court's "gatekeeping" obligation and because it cannot determine the probative value of the Ramos-Mercado diary, Defendants' motion in limine as to this diary is **GRANTED** and said evidence is hereby excluded.

D.  Evidence of direct economic costs of damages

Plaintiffs included as their exhibits "direct economic costs of damages" in the Proposed Joint Pretrial Order.  (Docket No. 35 at 25.)  Defendants contend that evidence on this matter requires expert testimony and that the deadline for the parties to announce their expert witnesses has expired.  See Docket No. 23.  Defendants aver that, even though said period elapsed, an

6

**Civil No. 12-1985 (GAG)**

economic damages report must be prepared by a qualified expert in medicine and life expectancy, as it requires several factors to be considered for Plaintiff to present a credible and qualified expert testimony related to the economic damages of plaintiff Ramos Ríos.  (Docket No. 42 at 8.)  Defendants argue that Plaintiffs intend to present an expert report pertaining to the alleged economic damages suffered by the main plaintiff and that said report must be prepared by a qualified expert in medicine and life expectancy.  Id.  Defendants thus seek to exclude this evidence.

Plaintiffs' lack of specificity and clarification in merely listing "direct economic costs of damages" and failure to oppose Defendants' request to exclude said evidence makes it near impossible for the court to determine the nature and scope of the documentary evidence they seek to utilize during trial.  Defendants argue that said statement necessarily means that Plaintiffs seek to introduce an expert report as to the main plaintiff's economic damages, without announcing said expert within the court's imposed deadline.

Defendants are correct in their proclamation that the court-established deadline for Plaintiffs to announce their expert witnesses and submit reports elapsed on November 11, 2013— over a year ago.  See Docket No. 23.  Plaintiffs thus failed to list an expert witness to testify or provide an expert report as to Ramos Ríos's direct costs of economic damages in a timely fashion.  In addition, Plaintiffs failed to oppose Defendants' motion in limine and, as a consequence waived any objections to this admissibility issue under Local Rule 7.  The court is thus persuaded by Defendants' arguments to exclude this evidence.  Accordingly, Defendants motion in limine is **GRANTED** as to Plaintiffs' exhibit pertaining to the direct economic costs of damages.

**Civil No. 12-1985 (GAG)**

## II.     Conclusion

For the reasons set forth above, Defendants' motion in limine at Docket No. 42 is hereby **DENIED in part** and **GRANTED in part**.  The motion is **DENIED** as to the testimonies of the three fact witnesses sought to be excluded: the testimonies of Dr. Picó, Dr. Manatou and Rodríguez.  Said testimonies are hereby allowed within the limitations articulated in this opinion. Concerning the direct evidence sought to be excluded by Defendants, the diary of Ramos-Mercado and the direct economic costs of damages, the motion is **GRANTED** and said evidence is hereby excluded as inadmissible.

**SO ORDERED.**

In San Juan, Puerto Rico this 18th day of November, 2014.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI

United States District Judge